UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHERIFF SADIKU,

                Plaintiff,                      **MEMORANDUM AND ORDER**

                v.                                      20-CV-3241 (RPK)

DEPARTMENT OF HOMELAND SECURITY,
THE UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Sheriff Sadiku filed this action against the Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("USCIS") under Section 279 of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1329, and the Administrative Procedure Act ("APA"), 5 U.S.C. 501, *et seq.* He asks this Court to compel USCIS to issue a decision on his Form N-400 Application for Naturalization. Defendants have moved to dismiss the complaint. For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

      Sadiku, a native of Nigeria, was granted conditional permanent resident status on March 21, 2015. Compl. (Dkt. # 1) ¶ 7. That status was based on his purported marriage to Christine Hook, an American citizen. *See id*. 16-17 ¶ 7. On January 26, 2017, Sadiku applied for the conditions on his residency to be removed by submitting a Form I-751. *See* Defendants' Mot. to Dismiss ("Def. Mot.") (Dkt. # 10), Ex. B. Eleven months later, on December 21, 2017, Sadiku filed a N-400 Application for Naturalization. Compl. ¶ 7.

1

Over two-and-a-half years later, Sadiku had still not received an interview to adjudicate his N-400 application, so on July 23, 2020, he filed the present suit seeking to compel USCIS to conduct such an interview. *See id*. ¶¶ 10-20.

Shortly thereafter, on November 9, 2020, USCIS issued Sadiku an Interview Notice directing him to appear for a N-400 interview on December 10, 2020. *See* Def. Mot., Ex. C. On that date, USCIS conducted a concurrent N-400 and I-175 interview with Sadiku and Hook. *See id.*, Ex. A. Following the interview, the USCIS denied Sadiku's application to remove conditions and also terminated Sadiku's conditional resident status, finding that Sadiku's marriage to Hook was not entered in good faith. *See ibid.* Accordingly, in its denial, USCIS informed Sadiku that he would be placed in removal proceedings. *Ibid.*

Defendants have moved to dismiss the complaint, arguing that this Court lacks jurisdiction because the complaint is moot and that Sadiku has failed to state a claim. *See* Def. Mot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When considering a motion to dismiss under Rule 12(b)(1), the court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). The court may also look beyond the complaint to such things as affidavits or other documents. *See Kamen v. American Tel. & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

2

**DISCUSSION**

**I.        Plaintiff's Mandamus Action is Moot.**

Because Article III of the United States Constitution limits the jurisdiction of federal courts, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural[.]" *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001).  A case becomes moot when there is no longer a "live" issue.  *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Accordingly, a claim that seeks to compel a federal official to act becomes moot when the official performs the act.  *See Barrett v. United States*, 105 F.3d 793, 794-95 (2d Cir. 1996).  For this reason, district courts routinely dismiss as moot mandamus claims that seek to compel officials to process immigration-related claims.  *See, e.g.*, *Khanom v. Kerry*, 37 F.Supp.3d 567, 574 (E.D.N.Y. 2014) ("In light of the actions by USCIS affirming its previous approval of the Petition, the relief sought by Plaintiffs from USCIS, including a mandamus order . . . is moot."); *Aizah v. Holder*, No. 12-CV-6020 (BMC), 2013 WL 1282345, at *1 (E.D.N.Y. Mar. 28, 2013) ("This Court cannot mandate that USCIS adjudicate the I-130 petition, when, in fact, it has already adjudicated the I-130 petition[.]"); *Lihua Jiang v. Clinton*, No. 08-CV-4477 (NGG) (RML), 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) ("Plaintiff's claim is thus moot insofar as it seeks a writ of mandamus to order Defendants to perform duties they have already performed.").  Sadiku sought a writ of mandamus compelling USCIS to adjudicate his N-400 application.  *See* Compl. ¶¶ 10-20.  USCIS has done so—the result of that adjudication was simply counter to Sadiku's hopes.  *See* Def. Mot., Ex. A.  Accordingly, Sadiku's request for mandamus is moot.

In an effort to avoid this result, Sadiku presents several arguments insisting that his case is not moot.  All lack substance.

First, Sadiku argues that his case isn't moot because USCIS simply voluntarily quit its improper behavior. Plaintiff's Opp'n Mem. of L. ("Pl.'s Opp'n") (Dkt. # 11) 8-10. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). If a court were to dismiss a case as moot under such circumstances, it "would permit a resumption of the challenged conduct as soon as the case was dismissed." *Am. Freedom Def. Initiative v. Metro. Trans. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016). But, here, defendants "have not thwarted [Sadiku's] ability to obtain relief; rather, they have provided [Sadiku] with the very relief [he] seek[s] to compel through litigation." *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 224 (E.D.N.Y. 2021), *appeal pending on other grounds* (2d. Cir. May 14, 2021).

Second, Sadiku argues that his case is not moot because his injury is capable of repetition, yet evading review. Pl.'s Opp'n 9-10. An established "exception to the mootness doctrine applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the complaining party will be subject to the same action again." *In re Grand Jury Proceeding*, 971 F.3d 40, 53 (2d Cir. 2020). There is some irony in Sadiku's claim that USCIS adjudicated his claim too quickly for him to litigate his complaint that USCIS was adjudicating that claim too slowly. More fundamentally, however, Sadiku cannot show a reasonable expectation that he will be subject to the same action again. While it is technically possible for Sadiku to file a I-751 or N-400 petition in relation to a different family member, he has not pleaded—much less provided evidence—that he is reasonably likely to bring such claims in the future. *See Almakalani*, 527 F. Supp. 3d at 224.

4

Finally, Sadiku argues that his action is not moot because the Court should decline to take judicial notice of the N-400 denial. *See* Pl.'s Opp'n 11-12. He suggests that the "so-called interview and adjudication during the pendency of this action" are "inadmissible" under Federal Rule of Evidence 410. Pl.'s Opp'n 14-15. But Rule 410 prohibits the use of certain evidence connected to criminal plea negotiations and has no bearing on the N-400 denial here. To the extent Sadiku argues more broadly that the Court cannot consider matters outside the complaint in adjudicating mootness, his argument is mistaken. *See Kamen*, 791 F.2d at 1011 (holding that courts may consider documents outside the complaint on a Rule 12(b)(1) motion).

## II.     Plaintiff Is Denied Leave To Amend.

Sadiku "seeks leave to amend his complaint to seek further and better relief[] and present a fuller set of allegations against defendants." Pl.'s Opp'n 13. But "a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because Sadiku's claim is moot, "better pleading will not cure" this defect in subject-matter jurisdiction. *Ibid.* Consistent with the decisions of other courts in similar circumstances, leave to amend is therefore denied. *See, e.g.*, *Kuai Le Chen v. Nielsen*, 365 F. Supp. 3d 292, 295 (E.D.N.Y. 2019); *Jinbin Wu v. Johnson*, No. 16-CV-4523 (KAM), 2018 WL 1115215, at *4 (E.D.N.Y. Feb. 27, 2018).

## CONCLUSION

Sadiku's complaint is dismissed for lack of subject matter jurisdiction. Leave to amend is denied. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: January 18, 2022
       Brooklyn, New York